NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000468
28-FEB-2013
09:11 AM**

NO. CAAP-12-0000468

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


BRIAN L. STANTON, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPP NO. 11-1-0044 (CR NO. 08-1-1801))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)


        Petitioner-Appellant Brian L. Stanton (Stanton) filed a
"Petition for Post-Conviction Relief" (Petition) pursuant to
Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006).  In his
Petition, Stanton alleged that his trial counsel provided
ineffective assistance and that the cumulative effect of errors
by the trial court and misconduct by the prosecutor deprived him
of a fair trial.  On April 13, 2012, the Circuit Court of the
First Circuit (Circuit Court)[1] issued its "Findings of Fact,
Conclusions of Law[,] and Order Denying Petition for Post
Conviction Relief (Rule 40, HRPP)" (Order Denying Petition).  The
Circuit Court denied the Petition without a hearing, ruling that
Stanton had waived the issues raised in his Petition.

--------

[1] The Honorable Randal K.O. Lee presided.

As explained below, we vacate in part and affirm in part the Order Denying Petition, and we remand the case for further proceedings.

I.

In his underlying criminal case, Stanton was convicted of attempted first-degree sexual assault of the Complainant, who was a prostitute. Stanton was sentenced to an indeterminate twenty-year term of imprisonment. Stanton filed a direct appeal of his judgment of conviction and sentence (Judgment). Stanton was represented by the Office of the Public Defender, State of Hawai'i (Public Defender's Office), both at trial and on direct appeal, and he did not raise a claim of ineffective assistance of trial counsel on direct appeal. On December 20, 2010, this court affirmed the trial court's Judgment. State v. Stanton, No. 29971, 2010 WL 5146281 (Hawai'i App. Dec. 20, 2010) (SDO). Stanton filed an application for writ of certiorari of this court's decision. On May 26, 2011, the Hawai'i Supreme Court rejected Stanton's application for writ of certiorari. State v. Stanton, No. SCWC-29971, 2011 WL 2132310 (Hawai'i May 26, 2011).

On March 1, 2011, while his direct appeal was still pending, Stanton filed a "Petition for Post-Conviction Relief" in S.P.P. No. 11-1-0013 (Prior Petition), in which he challenged the actions of the Hawai'i Paroling Authority (HPA) in setting his minimum term of imprisonment. The Circuit Court denied Stanton's Prior Petition by order filed on June 20, 2011. Stanton appealed and on March 29, 2012, this court affirmed the Circuit Court's denial of the Prior Petition. Stanton v. State, No. CAAP-11-0000520, 2012 WL 1071484 (Hawai'i App. March 29, 2012) (SDO).

On August 8, 2011, Stanton filed the instant Petition that is the subject of this appeal. In his Petition, Stanton alleged that his trial counsel had provided ineffective assistance by: (1) failing to object to portions of Detective Sato's testimony regarding prostitution practices as improper opinion testimony; (2) failing to rebut the Complainant's testimony by referring to trial and other evidence that was

2

inconsistent with Complainant's version of the sexual assault and her injuries; (3) failing to introduce evidence of Complainant's prior bad acts that would have cast doubt on her credibility; and (4) failing to object to improper remarks made by the prosecutor in closing argument. In addition to his claims of ineffective assistance of trial counsel, Stanton asserted that the cumulative effect of errors made by the trial court and misconduct by the prosecutor deprived him of the right to a fair trial.

Respondent-Appellee State of Hawai'i (State) filed an answer to the Petition. In its answer, the State argued that Stanton's Petition should be denied pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40(a)(3) (2006)[2] because the issues Stanton sought to raise had previously been ruled upon or were waived. The State asserted that: (1) Stanton had previously litigated many of the issues he raised in his Petition in the underlying criminal case; (2) Stanton failed to raise any remaining issues in the Prior Petition; and (3) Stanton failed to establish extraordinary circumstances to justify his failure to previously raise the issues presented in the Petition. With respect to the merits of Stanton's ineffective assistance of counsel claim, the State submitted a declaration from Stanton's trial counsel, in which counsel contested Stanton's contention that counsel had provided ineffective assistance.

The Circuit Court denied Stanton's Petition without a hearing. The Circuit Court did not rule on the merits of

---

[2] HRPP Rule 40(a)(3) provides:

(3) INAPPLICABILITY. Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

Stanton's claims, but denied the Petition based on HRPP Rule 40(a)(3). With respect to Stanton's claims of ineffective assistance of trial counsel, the Circuit Court ruled that Stanton had waived the issue by not raising it on direct appeal and in his Prior Petition. With respect to Stanton's claim of cumulative errors, the Circuit Court ruled that Stanton had raised many of the cumulative errors on direct appeal and had waived any remaining errors by not raising them in the Prior Petition.

II.

On appeal, Stanton argues that the Circuit Court erred in concluding that he waived his right to raise the issues presented in his Petition and in denying his Petition without a hearing. We conclude that the Circuit Court erred in denying Stanton's claims of ineffective assistance of trial counsel based on the ground of waiver. Stanton's claim of ineffective assistance for failure to object to the prosecutor's improper remarks in closing argument, however, was properly denied because the underlying allegations of prosecutorial misconduct were raised and ruled upon in Stanton's direct appeal. We therefore affirm the Circuit Court's denial of that ineffective assistance of counsel claim, albeit on a different ground than relied upon by the Circuit Court. Apart from Stanton's claims of ineffective assistance, we conclude that the other errors asserted by Stanton had previously been ruled upon or were waived and were properly denied by the Circuit Court.

A.

HRPP Rule 40(a)(3) requires the denial of a petition brought pursuant to HRPP Rule 40 "where the issues sought to be raised have been previously ruled upon or were waived." Under HRPP Rule 40(a)(3),

> an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the

4

existence of extraordinary circumstances to justify the
petitioner's failure to raise the issue.

(Emphasis added.)

The Circuit Court ruled that pursuant to HRPP Rule
40(a)(3), Stanton waived the issue of ineffective assistance of
trial counsel because he could have, but failed to, raise the
issue on direct appeal and in his Prior Petition. The Circuit
Court erred in this ruling.

As the State acknowledges in its answering brief,
because Stanton was represented by the Public Defender's Office
both at trial and on direct appeal, Stanton did not have a
realistic opportunity to raise the issue of ineffective
assistance of trial counsel on direct appeal. See Briones v.
State, 74 Haw. 442, 459-60, 848 P.2d 966, 975 (1993) (concluding
that where the petitioner has the same counsel both at trial and
on direct appeal, the petitioner does not have a realistic
opportunity to raise the issue of ineffective assistance of trial
counsel and does not waive the issue by failing to raise it on
direct appeal). Accordingly, the Circuit Court erred in
concluding that Stanton waived the issue by failing to raise it
on direct appeal.

We also conclude that the Circuit Court erred in
concluding that Stanton waived the issue of ineffective
assistance of trial counsel by failing to raise it in the Prior
Petition. HRPP Rule 40(a)(1) and (a)(2)[3] authorize a petition

---

[3] HRPP Rule 40(a)(1) and (a)(2) provide:

**(a) Proceedings and grounds.** The post-conviction proceeding
established by this rule shall encompass all common law and
statutory procedures for the same purpose, including habeas corpus
and coram nobis; provided that the foregoing shall not be
construed to limit the availability of remedies in the trial court
or on direct appeal. Said proceeding shall be applicable to
judgments of conviction and to custody based on judgments of
conviction, as follows:

(1) FROM JUDGMENT. At any time but not prior to final
judgment, any person may seek relief under the procedure set forth
in this rule from the judgment of conviction, on the following
grounds:

(continued...)

to be filed seeking relief from a judgment (HRPP Rule 40(a)(1)) and from custody (HRPP Rule 40(a)(2)). HRPP Rule 40(a)(1) imposes limits on the filing of a petition while the direct appeal from a judgment is pending. HRPP Rule 40(a)(1) provides that where the defendant files a direct appeal from a judgment, an HRPP Rule 40 petition seeking relief from the judgment cannot be filed until the appellate process has terminated, unless the appellate court grants leave to file such a petition during the pendency of the direct appeal.

Under HRPP Rule 40(a)(2), there is no similar limitation on the filing of petition seeking relief from custody. Stanton's Prior Petition, which challenged the actions of the HPA in setting his minimum term of imprisonment, was filed pursuant to HRPP Rule 40(a)(2)(iii), which authorizes a petition seeking

---

[3]/(...continued)
    (i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawai'i;

    (ii) that the court which rendered the judgment was without jurisdiction over the person or the subject matter;

    (iii) that the sentence is illegal;

    (iv) that there is newly discovered evidence; or

    (v) any ground which is a basis for collateral attack on the judgment.

For the purposes of this rule, a judgment is final when the time for direct appeal under Rule 4(b) of the Hawai'i Rules of Appellate Procedure has expired without appeal being taken, or if direct appeal was taken, when the appellate process has terminated, provided that a petition under this rule seeking relief from judgment may be filed during the pendency of direct appeal if leave is granted by order of the appellate court.

    (2) FROM CUSTODY. Any person may seek relief under the procedure set forth in this rule from custody based upon a judgment of conviction, on the following grounds:

    (i) that sentence was fully served;

    (ii) that parole or probation was unlawfully revoked; or

    (iii) any other ground making the custody, though not the judgment, illegal.

relief from custody on "any other ground making the custody, through not the judgment, illegal." See Williamson v. Hawai'i Paroling Auth., 97 Hawai'i 156, 157-58, 34 P.3d 1055, 1056-57 (App. 2000) (holding that a petition under HRPP Rule 40(a)(2)(iii) is an appropriate means to challenge a minimum term of imprisonment set by the HPA), rev'd on other grounds, 97 Hawai'i 183, 35 P.3d 210 (2001). When Stanton filed his Prior Petition, his direct appeal from the trial court's judgment was still pending, and therefore, he could not have raised the issue of ineffective assistance of trial counsel in the Prior Petition absent leave of the appellate court.[4] Accordingly, the Circuit Court erred in concluding that Stanton could have raised the issue of ineffective assistance of trial counsel in the Prior Petition and that he waived the issue by failing to raise it in his Prior Petition.

Although the Circuit Court erroneously relied on waiver in denying Stanton's claims of ineffective assistance of trial counsel, we affirm the denial of his claim that his trial counsel provided ineffective assistance by failing to object to improper remarks made by the prosecutor in closing argument. Stanton raised the underlying allegations of prosecutorial misconduct in his direct appeal, and this court concluded that the prosecutor's remarks did not affect Stanton's substantial rights. See State v. Stanton, No. 29971, 2010 WL 5146281, at *2-3. This court's previous ruling on the issue of prosecutorial misconduct in Stanton's direct appeal precludes Stanton's claim of ineffective assistance based on his trial counsel failure to object to the prosecutor's remarks.

Stanton's other claims of ineffective assistance are that trial counsel provided ineffective assistance by: (1)

_____

[4] Stanton filed his Prior Petition on March 1, 2011, whereas the Hawai'i Supreme Court did not issue its decision rejecting Stanton's application for writ of certiorari of this court's decision on direct appeal until May 26, 2011.

failing to object to portions of Detective Sato's testimony regarding prostitution practices as improper opinion testimony; (2) failing to rebut the Complainant's testimony by referring to trial and other evidence that was inconsistent with Complainant's version of the sexual assault and her injuries; and (3) failing to introduce evidence of Complainant's prior bad acts that would have cast doubt on her credibility. As to these claims of ineffective assistance of trial counsel, the issues underlying these claims were not previously ruled upon. We therefore vacate the Circuit Court's denial of these three claims on the ground of wavier and remand for further proceedings.

B.

In addition to his claims of ineffective assistance of trial counsel, Stanton asserted in his Petition that the cumulative effect of errors made by the trial court and misconduct by the prosecutor deprived him of the right to a fair trial. Certain of the cumulative errors asserted by Stanton in his Petition, including issues concerning prosecutorial misconduct in closing argument and the improper admission of rebuttal evidence, were raised and ruled upon in Stanton's direct appeal. Moreover, unlike Stanton's claims of ineffective assistance of trial counsel, Stanton had the opportunity to raise his claims of trial court error and prosecutorial misconduct in his direct appeal. Stanton has not shown the existence of extraordinary circumstances to justify his failure to raise all his claims of trial error and prosecutorial misconduct in his direct appeal. Accordingly, we conclude that the Circuit Court properly rejected all of the other issues (besides ineffective assistance of trial counsel) raised by Stanton in his Petition as having been previously ruled upon or waived. See HRPP Rule 40(a)(3).

III.

For the foregoing reasons, we vacate in part and affirm in part the Circuit Court's Order Denying Petition, and we remand the case for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, February 28, 2013.

On the briefs:

Brian L. Stanton
Petitioner-Appellant Pro Se

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge